IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



OCT 27 2015

Clerk, U S District Court
District Of Montana
Billings

IN RE:

MICHAEL A. AMEN and CHERYLL K. AMEN,

Debtors.

BAR NOTHING RANCH PARTNERSHIP,

Appellant,

v.

JOSEPH V. WOMACK, Chapter 7 Trustee,

Appellee.

U.S. District Court Case No. CV 15-56-BLG-SPW

Bankruptcy Court Case No. 12-61225-RBK

OPINION and ORDER

Appellant Bar Nothing Ranch Partnership ("Bar Nothing") appeals the Bankruptcy Court's order granting attorney fees to Appellee Joseph Womack's ("Trustee") law firm and Goetz, Baldwin & Geddes ("Goetz Law Firm"). This Court has jurisdiction over this appeal under 28 U.S.C. § 158(a).

On March 4, 2013, the Bankruptcy Court approved the Trustee's application to hire his law firm and the Goetz Law Firm to represent the bankruptcy estate and

1

maximize the value of several contested assets. The Trustee's firm and the Goetz Law Firm proposed receiving a contingency fee on the money received into the bankruptcy estate as a result of their services. Specifically, the Trustee's firm would receive 10% and the Goetz Law Firm would receive 30%. No party objected, and the Bankruptcy approved the application.

The Trustee resolved several competing claims on two parcels of land, which included litigating an adversarial proceeding against Bar Nothing. After selling a parcel of land owned by the bankruptcy estate, the Trustee filed an application for attorney fees. Bar Nothing objected, and the Bankruptcy Court held a hearing. After the hearing, the Bankruptcy Court approved the majority of the requested fees and awarded a total of $141,600: The Trustee's law firm received $35,400 and the Goetz Law Firm received $106,200.

For the reasons stated below, this Court affirms the Bankruptcy Court's award of attorney fees to the Trustee and the Goetz Law Firm. The parties are familiar with the factual and procedural background of this case as outlined by the Bankruptcy Court and it will be restated here only as needed to explain the Court's decision.

## I. Standard

This Court reviews the Bankruptcy Court's award of attorney fees "for abuse of discretion or erroneous application of the law." *Dawson v. Wash. Mut. Bank (In*

*re Dawson)*, 390 F.3d 1139, 1145 (9th Cir. 2004). Put differently, this Court "will not reverse an award of fees unless [it has] a definite and firm conviction that the bankruptcy court committed clear error in the conclusion it reached after weighing all of the relevant factors." *Law Offices of David A. Boone v. Derham-Burk (In re Eliapo)*, 468 F.3d 592, 596 (9th Cir. 2006).

## II. Analysis

Bar Nothing presents five issues for this Court's review:

1. Whether the conversion of the debtor's interests in a limited liability company to cash constitutes a duty of the Trustee for which attorney fees should be granted.

2. Whether it was appropriate for the Trustee to share in a contingency fee with an attorney hired by the Trustee.

3. Whether the Bankruptcy Court erred by admitting Exhibit 12 at the hearing.

4. Whether the Trustee waived his right to attorney fees.

5. Whether the Bankruptcy Court is required to determine the reasonable amount of attorney fees based upon the time spent on the case and the "Lodestar method."

The Court will address each issue separately.

## A. Whether the work constituted "trustee's work"

Bar Nothing argues that the Trustee did not make the necessary showing to be appointed as counsel for the bankruptcy estate. Instead, Bar Nothing claims that the Trustee merely performed typical trustee duties. If true, the Trustee would not be entitled to additional compensation for attorney services under 11 U.S.C. § 328. The Trustee counters that the Bankruptcy Court was within its discretion by approving him and the Goetz Law Firm as counsel and that the employment of counsel was necessary to maximize the bankruptcy estate.[1] The Court agrees with the Trustee.

A bankruptcy court may authorize a trustee to employ an attorney to assist with carrying out his duties. 11 U.S.C. § 327(a). The bankruptcy court can also "authorize the trustee to act as attorney...for the estate if such authorization is in the best interest of the estate." 11 U.S.C. § 327(d). In the District of Montana, chapter 7 trustees often apply to appoint themselves as legal counsel, and the Bankruptcy Court grants those applications if there are no objections. *In re*

---

[1] The Trustee initially contends that Bar Nothing has waived this argument because it failed to object to the Trustee's application to appoint counsel. This Court agrees with the logic of the Trustee's argument. But this Court could not find any authority on point with the Trustee's argument, nor does the Trustee provide any. Since the Trustee prevails on the argument's merits, the Court declines to address whether Bar Nothing waived this argument by not objecting to the employment application.

4

*Marsh,* 2013 Bankr. LEXIS 3430, *12, 2013 WL 4501424 (Bankr. D. Mont. Aug. 21, 2013).

Under § 327(d), a bankruptcy court can compensate the trustee "only to the extent that the trustee performed services as attorney" and not for "the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate." 11 U.S.C. § 328(b). "[T]he line between legal and non-legal services and between necessary legal services and ministerial duties of the Trustee, requiring only sound business judgment, is not easy to draw." *In re Perkins,* 244 B.R. 835, 838 (Bankr. D. Mont. 2000) (quoting *In re Meade Land and Dev. Co., Inc.,* 527 F.2d 280, 285 (3rd Cir. 1975)). A trustee's expected duties include investigating the debtor's financial affairs, examining proofs of claims and objecting if necessary, being accountable for all property received, and making a final report and final account of the estate's administration to the bankruptcy court. 11 U.S.C. § 704. In contrast, a trustee must hire an attorney "when there is an adversary proceeding or a contested motion that requires the trustee to appear and prosecute or defend, when an attorney is needed for a court appearance, or when other services are needed that require a law license." *In re Virissimo,* 354 B.R. 284, 290 (Bankr. D. Nev. 2006). This situation is not limited to conducting litigation. "[T]he practice of law includes the preparation of legal instruments and contracts by which legal rights are secured, whether the matter is

5

pending in court or not." *Ferrette & Slatter v. United States Tr. (In re Garcia)*, 335 B.R. 717, 728 (B.A.P. 9th Cir. 2005).

Here, the Bankruptcy Court found that the employment of the Trustee's and the Goetz Law Firm's legal services was necessary to resolve various issues in this complex case. The Bankruptcy Court based this finding on several of the Trustee's accomplishments in maximizing the bankruptcy estate. The Trustee negotiated a complex agreement and drafted settlement documents and real estate contracts to resolve claims by Lowe and the Lazy JC Ranch. This allowed the bankruptcy estate to liquidate a parcel of property that previously had grave marketability problems. When the Trustee moved to approve the settlement agreement, Bar Nothing objected. This necessitated a hearing, at which the Trustee defeated Bar Nothing's objection. The Trustee was also forced to initiate an adversary proceeding against Bar Nothing to remove its claimed encumbrance upon the proceeds of the property's sale. The adversary proceeding went all the way to trial. The Bankruptcy Court found in favor the Trustee and removed Bar Nothing's secured claim.

The Bankruptcy Court did not abuse its discretion by finding that the legal services were necessary. Even Bar Nothing's expert opined that these actions extended beyond normal trustee duties. Drafting complex settlement and real estate documents necessitate the employment of an attorney. In addition, litigating

an adversary proceeding certainly is legal work beyond a trustee's normal duties. The Court cannot help but note the irony of Bar Nothing's argument that the Trustee was not required to perform legal work when its own positions necessitated court hearings and litigation.

### B. Whether it was appropriate for the Trustee to share contingency fee agreement with the Goetz Law Firm

Bar Nothing argues that the Bankruptcy Court erred by allowing the Trustee to share the contingency fee with the Goetz Law Firm. Bar Nothing did not raise this argument until its post-hearing brief. The Bankruptcy Court deemed the argument to be untimely and did not consider it. The Trustee urges this Court to do the same.

A court has discretion to consider new arguments contained in a post-hearing brief. *Quest Med., Inc. v. Apprill*, 90 F.3d 1080, 1087 (5th Cir. 1996). Bar Nothing could have made this argument at least three times before the post-trial briefing. Bar Nothing could have objected to the Trustee's application for employment, it could have included this argument in its objection to the Trustee's application for fees, or it could have raised it at the hearing. Instead, Bar Nothing waited until after the hearing and hindered the Trustee's ability to develop a record supporting the employment application. The Bankruptcy Court did not abuse its discretion by not considering Bar Nothing's challenge to the Trustee's fee agreement with the Goetz Law Firm.

Nor will this Court consider the argument. "Absent exceptional circumstances," reviewing courts will not consider arguments raised for the first time on appeal. *El Paso v. Am. W. Airlines, Inc. (In re Am. W. Airlines, Inc.)*, 217 F.3d 1161, 1165 (9th Cir. 2000). Bar Nothing has not made a showing of exceptional circumstances.

**C. Whether the Bankruptcy Court should have admitted Exhibit 12**

Bar Nothing argues that Exhibit 12 was inadmissible hearsay and lacked foundation, and that the Bankruptcy Court erred by admitting it into evidence. Bar Nothing contends that this is reversible error, as it was the only evidence to support the Trustee's argument that Amen's interests in Lowe/Amen, LLC were diluted. The Court does not reach the question of whether Exhibit 12 was erroneously admitted, as any error did not affect the Bankruptcy Court's conclusion.

First, the Court notes another ironic aspect of Bar Nothing's argument. Exhibit 12 was not the only evidence that the Bankruptcy Court used to determine the dilution of Amen's ownership in Lowe/Amen, LLC. The Bankruptcy Court cited Lowe/Amen LLC's 2011 U.S. Return of Partnership Income to show that Amen had an ending interest of 29% in the LLC in 2011. Exhibit 12 stated that Amen had a 17% share by the time he petitioned for bankruptcy. The Bankruptcy Court relied upon the 2011 tax return figures when demonstrating the benefit that the estate received due to the Trustee's legal representation.

The punchline is that *Bar Nothing* attached the 2011 U.S. Return of Partnership Income to its objection to the Trustee's fee application. Bar Nothing now asks this Court to fault the Bankruptcy Court for relying on a document that it submitted in support of its objection. To the extent that the Bankruptcy Court made any findings as to the dilution of Amen's ownership in Lowe/Amen, LLC, they were not clearly erroneous.

More importantly, the actual dilution of Amen's ownership in the LLC was irrelevant for purposes of deciding whether to grant the Trustee's application for fees. The test is whether legal services "were 'reasonably likely' to benefit the estate at the time the services were rendered." *Roberts, Sheridan & Kotel, P.C. v. Bergen Brunswig Drug Co. (In re Mednet)*, 251 B.R. 103, 108 (B.A.P. 9th Cir. 2000). When the Trustee applied to employ himself and the Goetz Law Firm as legal counsel to the estate, there was ample evidence that Amen's interest in the LLC was diluted and that there were disputed claims to the LLC's properties. Bar Nothing does not challenge the existence of such evidence. The exact percentage of Amen's interest in the LLC was irrelevant to the determination of whether it was appropriate to hire legal counsel for the estate. Therefore, even if Exhibit 12 was erroneously admitted, it was not reversible error.

### D. Whether the Trustee waived his right to attorney fees in the settlement agreement with Bar Nothing

Bar Nothing argues that the Trustee waived his right to collect attorney fees from the bankruptcy estate in relation to the adversary proceeding against Bar Nothing. The Trustee counters that he waived his right to collect fees against Bar Nothing, not against the bankruptcy estate. This Court agrees with the Trustee.

While the Trustee prevailed on the merits of its adversary proceeding against Bar Nothing, the Bankruptcy Court declined to award attorney fees against Bar Nothing. The Trustee moved for reconsideration of the denial of attorney fees. While the motion was pending, the Trustee and Bar Nothing settled the adversary proceeding. Bar Nothing agreed to waive any claim to a secured interest in the proceeds of the property's sale and agreed to a general unsecured, nonpriority claim. The settlement agreement also provided:

> Trustee waives the right to claim attorneys' fees in the Bar Nothing AP and his motion for reconsideration [] shall be deemed withdrawn upon approval of this Settlement Agreement.

(Doc. 4-1 at 27).

Given the plain language of the Settlement Agreement and the context in which it was made, this Court agrees with the Bankruptcy Court. The Trustee did not waive his right to collect attorney fees from the bankruptcy estate. The Trustee only agreed not to seek attorney fees against Bar Nothing in relation to the adversary proceeding.

10

### E. Whether the Bankruptcy Court was required to determine the reasonable amount of attorney's fees based upon the time spent on the case and the "Lodestar method"

Bar Nothing argues that the Bankruptcy Court erred by not applying the Lodestar method and by granting attorney fees without the Trustee's production of the exact amount of time spent on the case. Bar Nothing did not raise this issue with the Bankruptcy Court until its post-hearing brief. The Bankruptcy Court did not err by not considering the issue, and this Court declines to address this argument.

### III. Conclusion

The Bankruptcy Court did not abuse its discretion in its award of attorney fees to the Trustee and the Goetz Law Firm. Accordingly, IT IS HEREBY ORDERED that the Bankruptcy Court's Order on the Trustee's First and Final Application for Professional Fees and Costs is AFFIRMED.

DATED this 26th day of October, 2015.

SUSAN P. WATTERS
United States District Judge